1  David E. Stanley (SBN 144025)
   Email: dstanley@reedsmith.com
2  Mildred Segura (SBN 210850)
   Email: msegura@reedsmith.com
3  REED SMITH LLP
   355 South Grand Avenue, Suite 2900
4  Los Angeles, CA 90071-1514
   Telephone:    213.456.8000
5  Facsimile:    213.457.8080

6  Attorneys for Defendants Allergan, Inc. and
   Allergan USA, Inc.

UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| SHELBY NOVELL, an individual,<br><br>Plaintiff,<br><br>vs.<br><br>ALLERGAN, INC. f/k/a INAMED CORPORATION, ALLERGAN USA, INC. ALLERGAN plc, and DOES 1 through 10, inclusive,<br><br>Defendants. | Case No.  **'22CV599  JAH  JLB**<br><br>**DEFENDANTS' NOTICE OF REMOVAL**<br><br>[Removed from Superior Court of California, County of San Diego, Case No: 37-2022-00014564-CU-PO-CTL]<br><br>**Compl. Filed:**  April 19, 2022 |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendants Allergan, Inc. and Allergan USA, Inc. (collectively "Allergan" or "Defendants") hereby remove this action captioned, *Shelby Novell v. Allergan, Inc. et al.*, from the Superior Court of California, County of San Diego to the United States District Court for the Southern District of California.  Complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.  Allergan fully reserves any and all defenses, objections, and exceptions, including but not limited to objections to improper process, improper service of process, lack of personal jurisdiction, improper venue, statute of limitations, and failure to join and/or misjoinder of parties.

In support of removal, Allergan further states:

## I. PROCEDURAL BACKGROUND AND RELEVANT FACTS

1. On April 19, 2022, a civil action was commenced by Plaintiff Shelby Novell in the Superior Court of California, County of San Diego by the filing of a Complaint captioned, *Shelby Novell v. Allergan, Inc. et al.*, Case No. 37-2022-00014564-CU-PO-CTL.

2. This product liability action involves allegations that Plaintiff Shelby Novell was injured "due to implantation of one or more Biocell Textured Breast Implant medical devices, which were manufactured and sold by Defendants."

3. A federal multidistrict litigation with similar allegations involving Allergan's textured breast implants is pending in the United States District Court for the District of New Jersey, Case No. 2:19-md-2921, before the Honorable Brian R. Martinotti ("MDL 2921").  Allergan intends to immediately file a Notice of Tag-Along of this action in accordance with the procedural rules of the Judicial Panel on Multidistrict Litigation.  This case will then be conditionally transferred to MDL 2921.

## II. NOTICE OF REMOVAL IS TIMELY

4. As of the filing of this Notice of Removal, service of process has not been completed on any of the Defendants.  Therefore, this Notice of Removal is not untimely.

5. Defendants timely remove this action less than one year after this action commenced. *See* 28 U.S.C. § 1446(c)(1).

### III. JURISDICTION AND VENUE

6. This Court has jurisdiction over this removed action pursuant to 28 U.S.C. §§ 1332 and 1441. Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over this action because complete diversity of citizenship exists between the parties, and the amount in controversy exceeds $75,000, exclusive of interests and costs.

7. The United States District Court for the Southern District of California comprises the county in which this matter is now pending (San Diego County) and thus, pursuant to 28 U.S.C. § 84 venue is proper.

#### a. There is Complete Diversity of Citizenship

8. There is complete diversity of citizenship between Plaintiffs and Defendants.

9. Plaintiff is a citizen and resident of San Diego County, California. Compl. ¶ 1.

10. Plaintiff alleges that Allergan, Inc. is incorporated under the laws of Delaware, and is a citizen of New Jersey. *Id.* at ¶ 3. In fact, Allergan, Inc. is incorporated in Delaware, but its principal place of business in Illinois. Nevertheless, it is undisputed that Allergan, Inc. is not a citizen of California.

11. Plaintiff alleges that Allergan USA, Inc. is also incorporated under the laws of Delaware with its principal place of business in New Jersey. *Id.* at ¶ 4. In fact, Allergan USA, Inc. is incorporated under the laws of Delaware with its principal place of business in Illinois.

12. Plaintiff alleges that Allergan plc (currently known as Allergan Limited) is a citizen of New Jersey. *Id*. at ¶ 2. In fact, Allergan plc is headquartered in Ireland and thus is a subject of a foreign state. Nevertheless, it is undisputed that Allergan plc is not a citizen of California.

13. Therefore, no Defendants are citizens of California and there is complete diversity of citizenship between Plaintiff and Defendants.

#### b. The Amount in Controversy Requirement is Satisfied

14. Here, the sum demanded in the initial pleading is not conclusive of the amount in controversy, because California law does not permit a plaintiff to demand a specific sum in personal injury cases. Cal. Civ. Proc. § 425.10(b) ("[W]here an action is brought to recover actual or punitive damages for personal injury or wrongful death, the amount demanded shall not be

stated[.]"). Nonetheless, the Court may look to the Notice of Removal for evidence of the amount in controversy. 28 U.S.C. § 1446(c)(2). Moreover, a "defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold; the notice need not contain evidentiary submissions." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 574 U.S. 81, 83 (2014). Given the severity and type of injuries alleged in the Complaint, it is apparent from the face of the Complaint that the amount in controversy in this case exceeds $75,000, exclusive of interest and costs.

15. Plaintiff alleges that she was implanted with "textured Natrelle silicone breast implants included on the list of recalled BIOCELL products" on December 30, 2015. Compl. ¶ 9. Plaintiff paid approximately $10,000 for the implants and procedure. *Id.* Plaintiff claims that a few years later, she began exhibiting symptoms associated with Breast Implant-Associated Anaplastic Large Cell Lymphoma (BIA-ALCL), including "left breast pain and discomfort and swollen lymph nodes." *Id.* at ¶ 10. Plaintiff also noticed "progressively more firm implants and increasing asymmetry of the implants with upper breast fullness." *Id.* Plaintiff underwent an MRI on her provider's recommendation, which showed that her left implant had leaked. *Id.* An ultrasound confirmed that her left implant had ruptured. *Id.*

16. Plaintiff alleges that around this time she received a Breast Implant Recall from "Allergan" notifying her of BIA-ALCL's association with "Allergan textured surface devices." *Id.* at ¶ 11. Plaintiff contacted her implanting surgeon, who recommended removal of the textured Natrelle implants. *Id.*

17. On October 8, 2021, Plaintiff underwent surgery to remove the textured Natrelle breast implants, paying approximately $12,000 for the procedure. *Id.* at ¶ 12.

18. Plaintiff alleges that she would not have had the textured Natrelle silicone implants implanted had she known prior to the procedure that BIOCELL textured implants would "subject her to the significantly greater risk of developing BIA-ALCL, as well as the costs associated with removal, medical monitoring, and other fees and procedures to detect and treat BIA-ALCL." *Id.* at ¶ 13.

19. Plaintiff alleges claims against Allergan for Strict Liability – Failure to Warn (Count I); General Negligence (Count II); Breach of the Implied Warranty of Merchantability (Count III); Violation of the California Unfair Competition Law, Cal. Bus. & Prof. Code Sec. 17200 (Count IV); and Violation of the California Consumer Legal Remedies Act (Count V).

20. Plaintiff demands damages for surgical costs of the removal of the products, ongoing medical monitoring, other medical expenses, emotional distress, restitution in full, attorneys' fees and costs, exemplary and/or punitive damages, and all other relief as this Court deems proper. *See generally* Compl. at ¶¶ 26-55.

21. The Ninth Circuit has acknowledged that jury verdicts in similar cases are proper evidence of the amount in controversy. *Kroske v. US Bank Corp.*, 432 F.3d 976, 980 (9th Cir. 2005); *accord Republic Bag, Inc. v. Beazley Ins. Co.*, 804 F. App'x 451, 453 (9th Cir. 2020). Likewise, the Ninth Circuit has affirmed a jury verdict totaling $7,340,000 in a breast implant product liability action. *See generally Hopkins v. Dow Corning Corp.*, 33 F.3d 1116 (9th Cir. 1994) (affirming a jury award of $840,000 in compensatory damages and $6,500,000 in punitive damages after plaintiff required two different sets of implants manufactured by defendant due to complications after surgery, and ultimate diagnosis of connective tissue disorder which plaintiff alleged was caused by the implants).

22. Outside of the Ninth Circuit, similar cases have resulted in jury verdicts significantly surpassing the amount in controversy threshold. *See Haltom v. Medical Engineering Corporation*, 2000 WL 33956772 (August 17, 2000) (jury awarded a $4,500,000 verdict in a case involving defective breast implant that ruptured, requiring removal of both implants); *see also Bezanis v. Surgitek/Med. Eng'g Corp.* 93 C 4107, 1993 WL 496820, at *3 (N.D. Ill. Nov. 29, 1993) (granting $450,000 default judgment to plaintiff in product liability breast implant case in which plaintiff underwent several surgical procedures).

23. As such, it is plausible that the fact finder in the current action may conclude that damages are greater than the requisite amount, and the amount in controversy requirement is satisfied. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

### IV. PROCEDURAL REQUIREMENTS FOR REMOVAL

16. Allergan will file a copy of this Notice of Removal with the Clerk of the Superior Court of California, County of San Diego, the state court in which this action is currently pending, as required by 28 U.S.C. § 1446(d).

17. Upon information and belief, no Defendants have been served; thus, Allergan does not need the consent of the other named defendants to remove this action. *See* 28 U.S.C. § 1446(b)(2)(A).

18. Pursuant to 28 U.S.C. § 1446(a), a copy of the Complaint is attached hereto as Exhibit A. A copy of the docket summary, as of the date of the filing of this Notice is attached as Exhibit B.

WHEREFORE, Allergan, pursuant to 28 U.S.C. § 1441, respectfully moves this action from the Superior Court of California, County of San Diego, to the United States District Court for the Southern District of California.

Dated: April 28, 2022            **REED SMITH LLP**

/s/ *David Stanley*
David E. Stanley
*Attorneys for Defendants Allergan, Inc. and Allergan USA, Inc.*

**CERTIFICATE OF SERVICE**

I hereby certify that on the 28th day of April, 2022 a true and correct copy of this Notice of Removal was served upon counsel of record electronically and by depositing a copy of same in the United States Mail in a properly addressed envelope with sufficient postage affixed thereto to ensure delivery to the following:

Steven L. Marchbanks, Esq.
PREMIER LEGAL CENTER, A.P.C.
1055 Torrey Pines Rd., Ste. 205
La Jolla, CA 9237
Telephone: (619) 235-3200
Facsimile: (619) 235-3300
Attorneys for Plaintiff

/s/ *David E. Stanley*
David E. Stanley
*Attorneys for Defendants Allergan, Inc. and Allergan USA, Inc.*